IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ZYBARIOUS FIELDS, on
behalf of Donice Fields, Deceased                                    PLAINTIFF

v.                                                CIVIL ACTION NO. 1:23CV134-RP

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION                                              DEFENDANT

## OPINION AND JUDGMENT

Zybarious Fields ("the plaintiff"), on behalf of Donice Fields, deceased ("the claimant") seeks

judicial review pursuant to 42 U.S.C. § 405(g) of an unfavorable decision of the Commissioner of

Social Security regarding an application for a period of disability and disability insurance benefits.

The claimant also filed an application for supplemental security income, but that claim was voluntarily

dismissed by the plaintiff due to the claimant's death.   The only claims at issue on appeal are those

for a period of disability and disability insurance benefits.   The parties have consented to entry of

final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c),

with any appeal to the Court of Appeals for the Fifth Circuit.   The undersigned held a hearing on

April 24, 2024.   Having considered the record, the administrative transcript, the briefs of the parties,

the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's

decision is supported by substantial evidence and should be affirmed.

## Standard of Review

In determining disability, the Commissioner, through the Administrative Law Judge

1

("ALJ"), works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove the impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if she proves that the impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the

---

[1]*See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4]20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the

---

[8]*Muse*, 925 F.2d at 789.

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

[Commissioner] is conclusive and must be affirmed."  *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

<u>**Commissioner's Decision**</u>

At step one of the sequential analysis, the ALJ found that aimant had not engaged in substantial gainful activity since the alleged onset date through December 31, 2015, the date last insured.   At step two, he found that the claimant had the severe impairments of obesity, valgus deformity with osteoarthritis of the bilateral knees, obstructive sleep apnea, chronic iron deficient anemia, DeQervain's tenosynovitis of the right wrist, depression, and anxiety.   At step three, he found that none of these impairments or combination of these impairments meets or medically equals a listed impairment.   The ALJ then found that the claimant had the residual functioning capacity ("RFC") to perform sedentary work with the following limitations:

> she can lift/carry and push/pull 10 pounds occasionally and less than 10 pounds frequently. She can stand/walk for 2 hours in an 8- hour workday and sit for 6 hours in an 8-hour workday. She can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs. She can occasionally balance, stoop, crouch, kneel, and crawl. She can frequently handle and grasp with the right dominant hand. She must avoid working around unprotected heights and hazardous moving machinery. She can understand, remember and carry out simple instructions and perform simple routine tasks. She can sustain attention, concentration, and persistence on task for 2-hour periods throughout an 8-hour workday. She can occasionally interact with supervisors, co-coworkers, and the general public. She can adapt to simple changes in the workplace.

At step four, the ALJ found that the claimant was unable to perform her past relevant work. Finally, at step five, the ALJ found that considering the claimant's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that she could have performed, such as the jobs of document preparer, circuit board assembler, and stuffer.   As such, the ALJ concluded that the claimant was not disabled.

4

## Discussion

The plaintiff argues primarily that the ALJ erroneously evaluated the administrative medical findings of the state agency physicians and the medical opinion of the claimant's treating physician Josh Black, MD. As to the administrative medical findings of the state agency physicians, who at the reconsideration level found the claimant was limited to a restricted range of sedentary work, the ALJ stated in his decision, without further explanation, "The undersigned determined that DDS' assessment is unpersuasive as the evidence allows for greater restrictions." The plaintiff correctly points out that the ALJ did not articulate how he considered the factors of "supportability" and "consistency" of the DDS assessment as required by the applicable regulatory framework for considering medical opinions set forth in 20 C.F.R. §§ 404.1520c. However, this procedural error is harmless.

Procedural perfection in administrative proceedings is not required, and the court will not vacate a decision "unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Procedural errors affect the substantial rights of a claimant only when they "cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). Remand is required only when, absent the procedural error, there is a realistic possibility that the ALJ would have reached a different conclusion. *January v. Astrue*, 400 Fed.Appx. 929, 933 (5th Cir. 2010) (per curiam). "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021). The plaintiff bears the burden of showing that the ALJ's error was prejudicial. *Jones v. Astrue*, 691 F.3d 730, 734 (5th Cir. 2012).

In the present case, because the ALJ assessed a *more* restrictive RFC than the one assessed by the state agency physicians, any error by the ALJ in finding their assessment unpersuasive is harmless, as a finding of "persuasive" would not have changed the outcome of the decision.   The plaintiff argues that by not stating specifically what "greater restrictions" the evidence supports, the ALJ committed reversible error because depending on what those "greater restrictions" are, the claimant may have been found disabled.   However, there is no mystery as to what greater restrictions the ALJ had in mind.   A comparison of the RFC assessed by the state agency physicians and the RFC assessed by the ALJ reveals that whereas the state agency physicians found the claimant could *occasionally* crouch, kneel or crawl and had no environmental limitations, the ALJ found the claimant could *never* crouch, kneel or crawl and must avoid working around unprotected heights.   In finding the evidence supports greater restrictions than those assessed in the administrative medical findings, the ALJ committed no error by not specifying what greater restrictions the evidence supports when those restrictions can be found in the RFC itself.

As to the medical opinion of the plaintiff's treating physician Dr. Black, who submitted a cover letter and medical source statement assessing a number of disabling limitations, the ALJ stated in his decision, without further explanation, "The undersigned finds the assessment does not concern the relative time period and finds it unpersuasive."   Although the plaintiff correctly points out that the ALJ did not articulate how he considered the factors of "supportability" and "consistency" of Dr. Black's opinion as required, again, the error is harmless.

The relevant time period (during which the claimant was never treated by Dr. Black) ended on the claimant's date last insured of December 31, 2015.   Dr. Black's medical source

6

statement is dated May 3, 2021 and makes no reference to the claimant's limitations during the relevant time period. "While a retrospective opinion can prove the existence of a disability, the retrospective opinion must refer clearly to the relevant period of disability and not simply express an opinion to the claimant's current status." *McLendon v. Barnhart,* 184 F.App'x 430, 432 (5th Cir. 2006). Dr. Black's medical opinion is irrelevant in this case.

The plaintiff also argues that the ALJ failed to consider the medical opinions written by the claimant's nurse practitioners on the claimant's disabled parking applications, both of which state the claimant "is severely limited in his/her ability to walk due to an arthritic, neurological, or orthopedic condition," and one of which states the plaintiff "cannot walk 200 feet without stopping to rest." However, even if these medical opinions could be considered inconsistent with the sedentary RFC assessed by the ALJ, they were given after the relevant time period (on July 11, 2016 and October 5, 2018, respectively) and do not reference the claimant's walking limitations during the relevant time period. As such, they are irrelevant and the ALJ's failure to discuss them is harmless.

For these reasons and for those announced on the record at the conclusion of oral argument, the court finds the Commissioner's decision is supported by substantial evidence, and it is AFFIRMED.

**SO ORDERED**, this the 29th day of April, 2024.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

7